**CLASSIC TOOL DESIGN, INC., Plaintiff,**

v.

**CASTROL INDUSTRIAL NORTH AMERICA, INC., Defendant.**

**No. 98 Civ. 5903(CM).**

United States District Court, S.D. New York.

Aug. 6, 1999.

Alan M. Simon, Alan M. Simon, Suffern, NY, for Classic Tool Design, Inc., plaintiff.

Frederick J. Onorato, New York City, for Castrol Industrial North America, Inc., defendant.

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS**

McMAHON, District Judge.

Plaintiff in this action seeks $5 million in damages for defendant's alleged breach of a distributorship agreement. Before me is a motion by defendant to dismiss the complaint on the ground that it is barred by collateral estoppel and/or res judicata.

The matter comes before this Court in an interesting posture. In 1995, Castrol (defendant here) sued Classic (plaintiff here) in the Supreme Court, Orange County, for breach of contract, seeking approximately $10,000 damages. Classic pleaded offset and eventually prevailed on a motion for summary judgment dismissing Castrol's modest claim. Some eight months after the filing of its original answer, in March 1996, Classic sought the Supreme Court's leave to amend its answer in order to assert, by way of counterclaim, the very claim it asserts here. That motion was denied, on two grounds: first, that Classic had unduly delayed in making its motion to amend, and second, that Classic had failed to demonstrate that its claim had any basis in law or fact. Indeed, the Supreme Court sanctioned Classic $2500 for frivolous conduct in proposing the amended counterclaim. Classic did not appeal from the Supreme Court's denial of its motion for leave to amend. It did, however, appeal the imposition of sanctions; the Appellate Division, Second Department, sustained that determination.

Castrol has brought a motion to dismiss the complaint before this Court, on the ground that the Orange County Supreme Court's refusal to allow Classic to assert this very claim bars its assertion here under principles of former adjudication. It claims that the Supreme Court's conclusion that the proposed amendment "is completely without basis in law or in

fact"—which was both a stated basis for denying the motion for leave to amend and a finding necessary for the imposition of sanctions under 22 NYCRR § 130–1.1—constitutes a determination on the merits that precludes Classic from maintaining this action. Classic contends that, as there was no adjudication of its counterclaim—only a determination that it could not amend its pleading—application of former adjudication principles would be inappropriate.

The facts of this case are virtually identical to those in *Schwartz v. Society of New York Hospital,* 251 A.D.2d 55, 672 N.Y.S.2d 724 (1st Dept.1998). There, plaintiff, who had originally brought an action asserting various claims against New York Hospital, had previously been denied leave to file a third amended complaint in that action (to assert a claim of fraud), on the ground that the proposed amendment failed to state a cause of action. Summary judgment was granted dismissing plaintiff's complaint, and he appealed. Plaintiff did not, however, appeal from the denial of his motion for leave to file his fraud claim. Several years later, plaintiff commenced an action sounding in fraud against New York Hospital—very claim that had been the subject of the proposed third amended complaint. The Supreme Court dismissed the complaint on the grounds of res judicata and failure to state a cause of action, and the Appellate Division affirmed relying on res judicata, saying, "Since the Supreme Court concluded that plaintiff had not stated a cause of action for fraud and denied plaintiff leave to serve an amended complaint alleging fraud, it was incumbent upon plaintiff to challenge that ruling on appeal, and as he failed to do so, the disposition of his proposed fraud claim became final ... bar-

ring, pursuant to the doctrine of res judicata, reassertion of a cause of action for fraud in this new action against the same defendants premised upon the same underlying transactions." *Schwartz,* 251 A.D.2d at 55, 672 N.Y.S.2d at 724 (citation omitted).

■ This action is in a sightly different procedural posture, but the result is the same. The Orange County Supreme Court specifically held, "Here, defendant has made no showing that amendment of its counterclaim to allege damages in the sum of $5,000,000 has any basis in fact." Decision of Supreme Court, County of Orange, in *Castro Industrial North America. Inc. v. Classic Tool Design, Inc.,* dated October 4, 1996, attached as Ex. F to Notice of Motion for Summary Judgment and for Sanctions ("Supreme Court decision"). The Supreme Court used the phrase "has any basis in fact," rather than the more customary words, "the amendment fails to state a claim," but there can be no doubt that the Supreme Court reached the conclusion that the proposed amendment failed to state a claim, since a prerequisite to imposition of sanctions is that the court conclude that the motion before it *"is completely without merit in law or fact."* Supreme Court decision (quoting 22 NYCRR § 130–1.1(c)) (emphasis added). If a motion for leave to amend is completely without merit in law or fact, the proposed amendment fails to state a claim.[1] Classic, for reasons best known to itself both waived reargument (saying that it would take "whatever action is appropriate in another forum") and declined to appeal from the Orange County Supreme Court's ruling. Classic obviously thought that filing the instant complaint in this forum was "appropriate action," but it was wrong. Its failure to appeal from the

1. Pursuant to CPLR 3025(b), a motion for leave to amend a claim is to be freely granted unless the amendment sought is improper or insufficient as a matter of law or unless prejudice or surprise results from delay in seeking the amendment. There are no other grounds for denying leave to amend. The Supreme Court mentioned insufficiency and delay in its opinion, but did not make any finding of prejudice or surprise. Thus, it appears that the reason for disallowing the amendment is plaintiff's failure to convince the Court that the amendment stated a claim.

State court's refusal to permit such an amendment on the merits bars it from maintaining the claim it has pleaded here. Defendant Castrol's motion for summary judgment dismissing the complaint is therefore granted.

Castrol has also moved for imposition of sanctions against Classic, just as it did in Orange County Supreme Court, on the ground that Classic filed this complaint in bad faith. Pursuant to Fed.R.Civ.P. 11(c), such sanctions may be imposed when a frivolous paper is not withdrawn within 21 days after the motion for sanctions is served. In this case, the complaint was not withdrawn within 21 days after Castrol served its motion for summary judgment and for sanctions. The complaint asserted a claim that had previously been found to be completely without merit in law or fact by a court of coordinate jurisdiction, and which plaintiff was sanctioned for filing. Plaintiff's counsel admitted to the Court at a pre-trial conference that the claim asserted in this action was identical to die claim that had been asserted previously. Absent some adequate explanation, it would appear that commencing this action qualifies as sanctionable conduct under Rule 11.

Classic's only response to the motion for sanctions is to state that its Federal filing is not frivolous because its claim was not adjudicated on the merits in Orange County. That is, of course, not true—it was not *tried* on the merits, but it was *adjudicated* on the merits, because, under New York law, refusal to permit a meritless amendment to a pleading constitutes an adjudication of that claim on the merits. *Schwartz*, 251 A.D.2d 55, 672 N.Y.S.2d 724. Therefore, plaintiff's proffered explanation does not suffice to excuse plaintiff's conduct.

Nonetheless, I view plaintiff's actions in *this* Court as more nearly reflecting a misunderstanding of the law of former adjudication than as a deliberate insult to the Court I therefore decline to award sanctions.